ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 28 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL INDICTMENT |
| : | NO. 1:12CR0286 |
| FABIAN TERRAN MURRAY, : | |
| RICHARD DOUGLAS KING, AND : | |
| JONATHAN CHRISTOPHER BRANCH: | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

Beginning in or about May 2012, and continuing until on or about June 30, 2012, in the Northern District of Georgia, the defendants, Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, aided and abetted by M.M., a person whose identity is known to the grand jury, did combine, conspire, confederate, agree, and have a tacit understanding to knowingly and willfully harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, a minor under the age of 18 years, namely J.B., knowing and in reckless disregard of the fact that J.B. had not attained the age of 18 years and would be caused to engage in commercial sex acts, including by means of force and threats of force, in violation of Title 18, United States Code, Sections 1591(a) and (b)(1).

## OVERVIEW OF THE CONSPIRACY

1. During the course of the conspiracy, Defendants Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, aided and abetted by each other, and M.M., a person whose identity is known to the grand jury, used a minor, J.B., as well as adult females, for the purpose of prostitution.

2. During the course of the conspiracy, Defendants Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, aided and abetted by each other, and M.M., a person whose identity is known to the grand jury, used photographs of a minor, J.B., posted in escort and erotic classified advertisement sections of Internet websites, including "*Atlanta Backpage*," for the purpose of causing J.B. to engage in prostitution.

3. During the course of the conspiracy, Defendants Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, aided and abetted by each other, and M.M., a person whose identity is known to the grand jury, utilized various locations involved in interstate commerce, including hotels, to cause J.B. to engage in prostitution.

4. During the course of the conspiracy, Defendants Fabian Terran Murray and Richard Douglas King, aided and abetted by each other, sexually assaulted J.B. for the purpose of causing J.B. to engage in prostitution.

5. During the course of the conspiracy, Defendant Fabian Terran Murray beat J.B. while causing her to engage in prostitution.

6. During the course of the conspiracy, Defendant Fabian Terran Murray used a firearm to threaten J.B. while causing J.B. to engage in prostitution.

7. During the course of the conspiracy, Defendants Fabian Terran Murray and Richard Douglas King, aided and abetted by each other, fired shots at J.B..

8. During the course of the conspiracy, Defendant Fabian Terran Murray caused J.B. to ingest marihuana and alcohol while causing her to engage in prostitution.

9. During the course of the conspiracy, Defendants Fabian Terran Murray and Richard Douglas King, aided and abetted by Co-defendant Jonathan Christopher Branch, required that J.B. give cash she earned from prostitution to Defendants Fabian Terran Murray and Richard Douglas King.

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT TWO

1. Paragraphs 1 through 9 of the "Overview of the Conspiracy" in COUNT ONE are re-alleged and incorporated by reference herein.

2. Beginning in or about May 2012, and continuing until on or about June 30, 2012, in the Northern District of Georgia, the defendants, Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, aided and abetted by each other, and M.M., a person whose identity is known to the grand jury, did knowingly harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, a minor under the age of 18 years, namely J.B., knowing and in reckless disregard of the fact that J.B. had not attained the age of 18 years and would be caused to engage in commercial sex acts, including by means of force and threats of force, in violation of Title 18, United States Code, Sections 1591(a) and (b)(1), and Section 2.

## COUNT THREE

1. Paragraphs 1 through 9 of the "Overview of the Conspiracy" in COUNT ONE are re-alleged and incorporated by reference herein.

2. Beginning in or about May 2012, and continuing until on or about June 30, 2012, in the Northern District of Georgia, the defendants, Fabian Terran Murray

and Richard Douglas King, aided and abetted by each other, knowingly carried and discharged a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, Sex Trafficking of a Minor, as alleged in Count Two of this Indictment; all in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and Section 2.

## FORFEITURE PROVISION

As a result of committing one or more of the offenses alleged in Counts One through Three of this Indictment, the defendants, Fabian Terran Murray, Richard Douglas King, and Jonathan Christopher Branch, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1594(d) and (e), any and all property, real or personal, constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of said violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One through Three of this Indictment, including but not limited to:

(a) A sum of money representing the amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461 (c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A \_\_\_\_\_true\_\_\_\_\_ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_____
RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 527275
404/581-6280 (telephone)
404/581-6181 (facsimile)

*Phyllis Clerk*

PHYLLIS CLERK
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 095325

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6254 (telephone)
404/581-6181 (facsimile)