## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                            Case No. 1:12-cr-286-WSD

**RICHARD DOUGLAS KING**

**Defendant's Attorney:**
**Paul Cognac**

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Count(s) Two of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 U.S.C. §§ 1591(a), (b)(1) and (b)(2) and 2 | Sex Trafficking of Minors | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of $ 100.00 which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.   XXX-XX-5629           Date of Imposition of Sentence: 7/10/2014
Defendant's Date of Birth:   1987
Defendant's Mailing Address:
Lovejoy, Georgia

Signed this the 11th day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

1:12-cr-286-WSD : RICHARD DOUGLAS KING

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred sixty-eight (168) months, which term is reduced by twenty-two (22) months as credit for the time defendant has been in federal custody on these charges, thus requiring defendant **to serve a total of one hundred forty-six (146) months in custody**.

The Court recommends the defendant be incarcerated in or near Atlanta, Georgia.

The Court further recommends the defendant be promptly evaluated and that he be enrolled in the RDAP program if he is determined to be qualified.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **fifteen (15) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device as those terms are defined in 18 U.S.C. § 921.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall participate as directed in a program approved by the Probation Officer for treatment or narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

The defendant shall participate in a sex offender treatment program, which may include a psychosexual evaluation and other psychological testing and treatment, under the guidance and supervision of the Probation Officer. If able, the defendant shall contribute to the cost of treatment services.

The defendant, as a convicted sex offender, shall (A) register where he resides, where he is an employee, and where he is a student, and for the initial registration, he also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (B) provide information required by 42 U.S.C. § 16914; and (C) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915.

The defendant shall participate in a cognitive skills program under the guidance and supervision of the Probation Officer.

The defendant shall cooperate with DNA collection at the direction of the Probation Officer.

The defendant shall submit to a search and seizure of his person or property at the direction of the Probation Officer.

The defendant, while restitution remains unpaid, shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the Probation Officer. The defendant shall not incur new credit or open additional lines of credit without the approval of the Probation Officer and unless the defendant is in compliance with the restitution installment payment schedule.

1:12-cr-286-WSD : RICHARD DOUGLAS KING

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:12-cr-286-WSD : RICHARD DOUGLAS KING

# RESTITUTION

The defendant shall make restitution in the amount of $1,000.00, jointly and severally with co-defendants, to the victim listed in the Victim Impact Section of the presentence report.

Restitution is due and payable immediately. The defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. If restitution is not paid in full at the time of the defendant's release, payment shall become a condition of supervised release to be paid at a monthly rate of at least $150.00, plus 25% of gross income in excess of $2,300.00 per month. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid. The defendant, while restitution remains unpaid, shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the Probation Officer. The defendant shall not incur new credit or open additional lines of credit without the approval of the Probation Officer and unless the defendant is in compliance with the restitution installment payment schedule.